UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ST. JOHN SHIPBUILDING INC.,
a Florida Corporation,

      Plaintiff,

v.                                                    CASE NO. 3:14-cv-1358-J-20JBT

M/V FLAMINGO EXPLORER,
a Marshall Islands recreational vessel
and her engines, tackle, boats, gear,
appurtenances etc., *in rem*,

      Defendant.
_____

FLAMINGO CAY LTD.,
a Bahamian limited liability company,

      Plaintiff,

v.                                                    CASE NO. 3:14-cv-1392-J-20PDB

M/V FLAMINGO EXPLORER, (EX:
PERFECT LIFE), a 165-foot motor vessel
registered in the Marshall Islands with
Official Number 70582, *in rem*, and
ST. JOHNS SHIPBUILDING, INC.,
a Florida Corporation, *in personam*,

      Defendants.
_____/

## ORDER

      **THIS CAUSE** is before the Court upon Claimant Owner's Motion for Post-

Arrest Show Cause Hearing and Limited Discovery Schedule for Expert Witnesses

to Prepare for Show Cause Hearing ("Motion") (Doc. 17), and Plaintiff's response thereto (Doc. 19).   For the reasons set forth below, the Motion is due to be **GRANTED in part** to the extent it requests a show cause hearing and a bond hearing if the vessel is not released and **STRICKEN without prejudice in part** to the extent it requests expedited discovery to be conducted prior to the hearing.

Claimant Owner Flamingo Cay, Ltd. ("Flamingo Cay") requests a show cause hearing pursuant to Supplemental Rule for Admiralty or Maritimes Claims and Asset Forfeiture Actions ("Supplemental Rule") E(4)(f) and Local Rule 7.03(g). (Doc. 17 at 1.)  Flamingo Cay also requests that, in the event the Court does not vacate the arrest, it hold a bond hearing pursuant to Supplemental Rule E(5) immediately following the show cause hearing.  (*Id.* at 2.)  Flamingo Cay further requests that, in order to prepare for the requested show cause hearing, it be allowed to have multiple experts inspect the vessel.  (*Id.*)

The Court is satisfied that Flamingo Cay is entitled to the show cause hearing requested.   Supplemental Rule E(4)(f) states: "Whenever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules."  Local Rule 7.03(g) allows a claimant to "file a motion and proposed order directing plaintiff to show cause why the arrest should not be vacated."  M.D. Fla. R. 7.03(g).  "If the court grants the order, the court shall set a date and time for a

show cause hearing." *Id.*

"[T]he 'post-arrest hearing is not intended to definitely resolve the dispute between the parties, but only to make a preliminary determination whether there were reasonable grounds for issuing the arrest warrant, and if so, to fix an appropriate bond.'" *20th Century Fox Film Corp. v. M.V. Ship Agencies, Inc.*, 992 F. Supp. 1423, 1427 (M.D. Fla. 1997) (order denying motion to vacate attachment) (quoting *Salazar v. Atl. Sun*, 881 F.2d 73, 79–80 (3d Cir. 1989)). "Plaintiff has the burden under Supplemental Rule E(4)(F) to come forward with sufficient evidence to show there was probable cause for the arrest or attachment of the vessel." *Id.* To establish a maritime lien, "a plaintiff must prove: (1) it provided 'necessaries' (2) at a reasonable price (3) to the vessel (4) at the direction of the vessel's owner or agent." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1249 (11th Cir. 2005).

The Supplemental Rules also provide that "[w]henever . . . process in rem is issued the execution of such process shall be stayed, or the property released, on the giving of security, to be approved by the court or clerk." Supplemental Rule E(5)(a). "If the parties are unable to stipulate to the amount of a bond . . . the court may set a bond in a principal sum 'sufficient to cover the amount of the plaintiff's claim fairly stated with accrued interest and costs . . . .'" *20th Century Fox Film Corp. v. M.V. Ship Agencies, Inc.*, 992 F. Supp. 1429, 1429 (M.D. Fla. 1997) (order granting motion to set bond) (quoting Supplemental Rule E(5)(a)). As it appears

3

that the parties are unable to stipulate to an appropriate bond amount, a hearing is necessary unless the vessel is released.

Flamingo Cay also requests that the Court allow it expedited discovery to prepare for the show cause hearing.  However, Flamingo Cay provides no legal authority in support of this request.  Local Rule 3.01(a) requires that a motion include "a memorandum of legal authority in support of the request."  M.D. Fla. R. 3.01(a).  Thus, the Motion is due to be stricken without prejudice to the extent it requests discovery.

Furthermore, given the preliminary nature of the hearing, it is not clear that such discovery is appropriate.  However, under Local Rule 3.05, the parties should have held their case management conference on or before February 3, 2015.  *See* M.D. Fla. R. 3.05(c)(2)(B). [1]  Thus, the parties should have agreed upon a discovery plan and the timing of discovery.  *See* M.D. Fla. R. 3.05(c)(2)(C)(iii).  To the extent the parties have not agreed on the discovery at issue in the Motion, the Court will order them to confer regarding such discovery and its timing in relation to the hearing.

Accordingly it is **ORDERED**:

1.      The Motion (**Doc. 17**) is **GRANTED in part** to the extent it requests a show cause hearing and a bond hearing if the vessel is not released.

---

[1] The Case Management Report is due no later than February 17, 2015.

2.      The Motion (**Doc. 17**) is **STRICKEN without prejudice in part** to the extent it requests expedited discovery to be conducted prior to the hearing.

3.      **On or before February 19, 2015**, Flamingo Cay may refile the motion and include a memorandum of legal authority in support of its request for expedited discovery prior to the show cause hearing.  Any motion must include a Rule 3.01(g) certification.  Plaintiff shall respond to any such motion **on or before February 26, 2015**.

4.      Prior to filing any such motion, however, Flamingo Cay must confer with Plaintiff, and the parties should try to agree on the scope and timing of any discovery to be conducted prior to the hearing, assuming they have not already agreed.  If the parties are able to resolve this issue, no motion is necessary, and **on or before February 19, 2015**, they shall file a joint notice indicating their agreement and proposing dates for the show cause and bond hearing.

**DONE AND ORDERED** at Jacksonville, Florida, on February 5, 2015.


JOEL B. TOOMEY
United States Magistrate Judge


Copies to:

Counsel of record